ALFRED TUCKER *vs.* SAMUEL G. STIMSON & anothei.

The owners of a vessel are not liable for supplies furnished to the master while sailing under an agreement by him to " take her on shares " for a certain voyage, " that is to say, to make no charges against the owners except one half of the port charges, and to receive for his pay for victualling the vessel one half of the net amount of all charters and freight in full; " and his declarations are not admissible in evidence against them.

ACTION OF CONTRACT against the owners of the schooner Phœnix for provisions and money furnished the master while she was sailing under the following contract between the defendants and him : " I, John H. Johnson, master of the Schooner Phœnix of Boston, agree with the owners of said schooner to take said schooner on shares to sail from Boston to Savannah and back to Boston ; that is to say, I agree to make no charges

against said owners except one half of the port charges, and to receive for my pay for victualling said schooner one half of the net amount of all charters and freight in full.

"John H. Johnson."

At the trial in the superior court of Suffolk at May term 1857, *Nelson*, C. J. ruled that this contract did not relieve the owners from liability for necessaries furnished at the master's request during the voyage; and admitted statements made by the master to the plaintiff at the time of obtaining the supplies, as evidence that the supplies furnished by the plaintiffs were necessaries. The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. W. Emerson,* for the defendants.

*D. E. Ware,* for the plaintiff.

BIGELOW, J. This case comes within the recent decision in *Baker* v. *Huckins,* 5 Gray, 596. Under the contract by which the vessel was let to the master, the owners were not liable for any supplies or necessaries furnished to the master. The latter was owner *pro hac vice ;* he was not the agent of the owners to make contracts binding on them for supplies furnished for navigating and victualling the vessel. Nor was he authorized to make statements or declarations binding on the defendants.

*Exceptions sustained.*